IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CITY WIDE INSULATION OF MADISON, INC.,

                                         MEMORANDUM

          Plaintiff,

                                         10-cv-567-bbc

    v.

MARK MURPHY and JEAN MURPHY,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendants Mark Murphy and Jean Murphy have removed this case from the Circuit Court for Dane County, Wisconsin under 28 U.S.C. §§ 1441 and 1446.  A hearing is scheduled later this month on plaintiff City Wide Insulation of Madison, Inc.'s motion for a preliminary injunction, in which plaintiff requests an order enjoining defendants "from interfering with City Wide's assets, including but not limited to City Wide's information technology, and from making any demands or threats to third parties or commencing any civil lawsuits against third parties that relate in any way to the ownership of City Wide's information or software."  Dkt. #7.

      "The first question in every case is whether the court has jurisdiction."  Avila v. Pappas, 591 F.3d 552, 553 (7th Cir. 2010). Because plaintiff is not bringing claims under

federal law, jurisdiction is present only if plaintiff and defendants are citizens of different states and the amount in controversy is greater than $75,000.  28 U.S.C. § 1332.  Plaintiff alleges that defendants stole hundreds of thousands of dollars from it, so the amount in controversy does not seem to be a problem.  However, the parties' filings to date raise a question about diversity of citizenship.

In the complaint and the notice of removal, the parties allege that plaintiff is a Wisconsin corporation with a principal place of business in Wisconsin.  Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C., 385 F.3d 737, 740-43 (7th Cir. 2004) (corporation is citizen of its state of incorporation and state in which its principal place of business is located).  However, the citizenship of defendants is not clear.  Defendants allege in their notice of removal that they are citizens of Florida.  However, the summons lists a Wisconsin address for defendants and plaintiffs allege in their complaint that defendants have residences in both Wisconsin and Florida.

Citizenship of an individual is determined by his domicile, that is, where he has a "permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom."  Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994); see also Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002).  A person has only one domicile, but may have several residences.  Steigleder v. McQuesten, 198 U.S. 141 (1905) (distinguishing between residency and citizenship).  When a person

2

lives in multiple places, courts look at various factors to determine the person's domicile, including the person's stated intentions about where he intends to live, the amount of time spent at each residence, where he is registered to vote, where he lists his address when paying taxes or receiving government benefits and the state of his driver's license. Muscarello v. Ogle County Board of Commissioners, 610 F.3d 416, 424 (7th Cir. 2010); Craig v. Ontario Corp., 543 F.3d 872, 876 (7th Cir. 2008).

Because defendants are the proponents of jurisdiction, they have the burden to show that the parties' citizenship is diverse. Smart v. Local 702 International Brotherhood of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir. 2009). Accordingly, they should be prepared at the preliminary injunction hearing to submit evidence showing where they are domiciled. If they fail to show that they are citizens of a state different from the one of which plaintiff is a citizen, I will remand the case to state court.

Entered this 6th day of October, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3